FRUGÉ, Judge.
This suit was filed by Alsbrook-Guilbeau Stockyards, Inc. against three defendants, Charles R. Fontenot, Chester Fontenot, and J. B. LaFleur. The suit was brought under the provision of the Louisiana Bulk Sales Act (LSA-R.S. 9:2961 et seq.).
A judgment by default was obtained against two of the defendants, Charles R. Fontenot and Chester Fontenot, on November 19, 1970, in the amount of $1,606.66. The other defendant, J. B. LaFleur, filed an answer of general denial, and a trial on the merits was held on February 9, 1971. A judgment was rendered in favor of the defendant, and against the plaintiff, dismissing the plaintiff’s claim insofar as the defendant, J. B. LaFleur, was concerned. From this adverse judgment, the plaintiff perfected the instant appeal. We affirm.
On July IS, 1970, the plaintiff sold to “C. Fontenot” six head of cattle and eighteen hogs, at a price of $1,606.66. On or about August 14, 1970, J. B. LaFleur purchased from Charles R. Fontenot, a grocery business known as the Charles R. Fontenot Grocery and Market, located in Ville Platte, Louisiana. This business was owned and operated by Charles R. Fontenot. It is uncontradicted that this sale transaction was not executed in compliance with the Louisiana Bulk Sales Act.
The sale or transfer of a business, and the sale of stock items outside the ordinary course of business, is a matter regulated by LSA-R.S. 9:2961 et seq. A transfer was made herein as defined in LSA-R.S. 9:2961 and 2965. The provisions of these sections, requiring notice to creditors of the business, were not complied with.
The primary question for our consideration, however, is whether or not the plaintiff, Alsbrook-Guilbeau Stockyards, Inc., was a creditor of the business, and as such, entitled to notice under the Bulk Sales Act. Unless the plaintiff, at the time of the transaction, was a “creditor” of the business then the transferee thereof, J. B. LaFleur, is not liable to the plaintiff under the Bulk Sales Act.
The plaintiff takes the position that the animals purchased were bought by Charles R. Fontenot for slaughter and eventual sale in the Charles R. Fontenot Grocery. Plaintiff further contends that by virtue of this sale, plaintiff was a creditor of the grocery store, and as such, entitled to notice under the provisions of the Bulk Sales Law.
The testimony in this case is conflicting on the point of whether the cattle were purchased for the account of Charles R. Fonte- *174 not or whether the cattle were purchased by Mr. Fontenot’s brother, Chester Fonte-not. The invoices introduced in evidence indicate that the sale was made to “C. Fontenot”.
Chester Fontenot owns a farm in Ville Platte, and was a purchaser from time to time of livestock from the plaintiff, Als-brook-Guilbeau Stockyards, Inc.
The testimony of Mr. Harry Guilbeau, a co-owner of the stockyard, indicated that the animals in question were delivered by truck, but he did not personally deliver them and could not say for a fact where the animals were delivered. Besides the invoices and the testimony of Mr. Guilbeau, there is nothing else to indicate that the animals were purchased in the regular course of trade by Charles R. Fontenot for use in his grocery as a stock item in the market.
For this reason, we think the plaintiff has failed to prove by a preponderance of the evidence that it was in fact at the time of the sale of the grocery, a creditor of the grocery.
LSA-R.S. 9:2961 makes it clear that a bulk sale, outside the ordinary course of trade, is void as against the creditors of the transferor, unless it is made in conformity with the provisions of the Bulk Sales Law.
While admittedly the provisions of the Bulk Sales Law were not complied with in the instant case, nonetheless, we are of the opinion that the judgment of the trial court was correct. The plaintiff has failed to sustain his burden of proving himself to be a creditor of the transferor at the time of the sale of the business. Only one who shows himself to be a creditor at the time of the sale is entitled to the protection of the Bulk Sales Law.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings to be paid by the plaintiff-appellant.
Affirmed.